Yu Da Chen v Lin (2025 NY Slip Op 01838)

Yu Da Chen v Lin

2025 NY Slip Op 01838

Decided on March 26, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 26, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
LINDA CHRISTOPHER
WILLIAM G. FORD
LOURDES M. VENTURA, JJ.

2023-01522
 (Index No. 510251/21)

[*1]Yu Da Chen, et al., appellants, 
v
Peter Lin, et al., respondents.

James Costo, Brooklyn, NY (Alfredo Tapia of counsel), for appellants.
Donald Eng, New York, NY, for respondents.

DECISION & ORDER
In an action, inter alia, for declaratory and injunctive relief, the plaintiffs appeal from an order of the Supreme Court, Kings County (Carolyn E. Wade, J.), dated January 13, 2023. The order, insofar as appealed from, granted those branches of the defendants' motion which were for summary judgment dismissing the first and fifth causes of action.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiffs, the owners of a unit in a condominium building in Brooklyn, commenced this action against the defendants, who were also owners in the same building. The plaintiffs sought a judgment declaring that the defendants' use of areas designated A1 and A2 as parking spaces hindered the plaintiffs' use of their designated parking spaces, among other things.
The defendants moved for summary judgment dismissing the complaint. The Supreme Court, inter alia, granted those branches of the defendants' motion which were for summary judgment dismissing the first and fifth causes of action. The plaintiffs appeal.
"Standing is a threshold determination, resting in part on policy considerations, that a person should be allowed access to the courts to adjudicate the merits of a particular dispute that satisfies the other justiciability criteria" (Caprer v Nussbaum, 36 AD3d 176, 182 [internal quotation marks omitted]). "Because of the manner in which ownership in a condominium is structured, the individual unit owner, in choosing to purchase the unit, must give up certain of the rights and privileges which traditionally attend fee ownership of real property and agree to subordinate them to the group's interest" (Murphy v State of New York, 14 AD3d 127, 133 [internal quotation marks omitted]).
Here, the defendants established, prima facie, their entitlement to judgment as a matter of law by demonstrating that the plaintiffs did not have standing to challenge the defendants' use of the areas designated as A1 and A2 (see Caprer v Nussbaum, 36 AD3d at 185-186; see generally Forestal Condominium v Davydov, 157 AD3d 866, 867). The defendants demonstrated that the Board approved their use of the areas designated as A1 and A2 for parking and that the plaintiffs were raising individual claims. In opposition, the plaintiffs failed to raise a triable issue of fact.
Accordingly, the Supreme Court properly granted those branches of the defendants' motion which were for summary judgment dismissing the first and fifth causes of action.
IANNACCI, J.P., CHRISTOPHER, FORD and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court